UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,   )<br>)<br>    Plaintiff,   )<br>)<br>    v.   )<br>)<br>SHEEHAN CONSTRUCTION COMPANY,   )<br>INC., and VINCENT B. ALIG, M.D. and   )<br>MARY JEAN ALIG, Individually and Co-   )<br>Trustees of the MARY JEAN ALIG   )<br>REVOCABLE TRUST,   )<br>)<br>    Defendants.   )   | 1:05-cv-0617-JDT-TAB |

**ENTRY ON MOTION TO STAY OR DISMISS (Docket No. 20)**[1]

Plaintiff Westfield Insurance Company filed this action on April 28, 2005, seeking a declaration of its duties and obligations under a commercial general liability policy (the "Policy") it issued to Defendant Sheehan Construction Company, Inc. ("Sheehan"). The Plaintiff seeks to avoid its duty, as set forth in the Policy, to defend and indemnify Sheehan with regard to underlying litigation surrounding Sheehan's alleged defective construction of a home for Defendants Vincent B. Alig, M.D., and Mary Jean Alig. On August 4, 2005, Sheehan moved to stay or dismiss this case pending resolution of the underlying litigation, arguing that "the issue of Westfield's duty to defend Sheehan is not ripe for consideration, as Sheehan is already being provided a defense in the Underlying Litigation by another insurer, CNA." (Brief in Supp. Mot. Stay or Dismiss 3.)

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

The Plaintiff responded to the motion on August 9, 2005, with a reply brief being filed on August 17, 2005. The motion therefore is ripe for review, and the court now rules as follows.

I.      **BACKGROUND**

Sometime in 2000, the Aligs hired Sheehan as a general contractor to oversee the construction of their home in Indianapolis, Indiana. (Compl. ¶ 2.2.) After living in the home for nearly four years, the Aligs observed water intrusion surrounding windows on the south elevation of the home, among other areas. (*Id.* ¶ 2.4.) They promptly notified their homeowners' insurer, which denied coverage for the damages because they were not caused by a "one-time severe weather event or other specific damage" as required under their homeowers' policy. (*Id.* ¶¶ 2.4, 2.5.)

On October 1, 2004, the Plaintiff issued to Sheehan Commercial Package Policy No. 1-286-371, with effective dates of coverage of October 1, 2004 to October 2, 2005. (*Id.* ¶ 2.9.) The Aligs filed a complaint for damages against Sheehan in Marion County Circuit Court shortly thereafter, on November 17, 2004. (*Id.* ¶ 2.11.) Sheehan contends that upon receipt of the lawsuit, it requested that the Plaintiff defend and indemnify it under the Policy. (*Id.* ¶ 2.13.) The Plaintiff refused the request, and later initiated the instant action. (*Id.* ¶ 2.14.) In its complaint, the Plaintiff requests that the court declare that it "has no duty under the Policy to defend Sheehan against the Lawsuit . . . or indemnify Sheehan against the Lawsuit." (*Id.* ¶¶ 4.1, 4.2.)

## II.     STANDARD OF REVIEW

Sheehan apparently seeks to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them.  *See Baxter by Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 730 (7th Cir. 1994).  In essence, the standard for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as the standard for a 12(b)(6) motion to dismiss.  *See Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).  Dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief.  *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed.  *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995).

## III.    DISCUSSION

In its motion to stay or dismiss, Sheehan requests that this action be stayed pending resolution of the underlying litigation of its liability with regard to any damages to the Alig home, or dismissed in its entirety.  The Plaintiff responds that there is a justiciable controversy concerning its duties to defend and indemnify, both as to

3

Sheehan and the Aligs, and requests that the court issue a declaration as to those duties.

The Declaratory Judgment Act provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This statute, however, does not dispense with the Article III case or controversy requirement, *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995), nor does it supply the court with subject matter jurisdiction, *Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1387 (7th Cir. 1992).

First, with regard to the Plaintiff's duty to defend under the Policy, the general rule is that an actual controversy exists where there is a question of an insurer's duty to defend an insured from potential liability in an underlying action. *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir. 1970); *Molex Inc. v. Wyler,* 334 F. Supp. 2d 1083, 1086 (N.D. Ill. 2004). Because the duty to defend question usually does not depend on the outcome of the underlying action, there is no barrier to resolving that question before the underlying litigation is resolved. *See, e.g., Nationwide Ins. v. Zavalis*, 52 F.3d 689, 695 (7th Cir. 1995). As the United States Court of Appeals for the Seventh Circuit has noted, a "defense may be required even if there never turns out to be any liability to indemnify." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).

Thus, in this case, whether the Plaintiff has a duty to defend Sheehan in the underlying Indiana state court action is a question of contractual interpretation that does not require the resolution of any facts or issues in that underlying action. Indeed, the dispute over the defense is fundamentally distinct from the question raised in the state court action—whether Sheehan may be held liable for damages, if any, to the Alig home. Therefore, an actual controversy of sufficient immediacy exists as to whether the Plaintiff must defend Sheehan in the Indiana state-court litigation, and with respect to the Plaintiff's request for a declaratory judgment on that duty, the motion to stay or dismiss must be denied.

With respect to the Plaintiff's duty to indemnify Sheehan for damages resulting from the state court proceeding, the Seventh Circuit has stated "an insurer ordinarily cannot obtain a declaratory judgment as to its liability prior to the insured first being found liable . . . ." *Argento v. Vill. of Melrose Park*, 838 F.2d 1483, 1492 (7th Cir. 1988); *see also Atlanta Int'l Ins. Co. v. Atchison, Topeka & Santa Fe Ry Co.*, 938 F.2d 81 (7th Cir. 1991) (no actual controversy where insured notified insurers of verdict against it but did not make claim for payment from any insurer, and where it was unlikely such a claim would be made); *Solo Cup Co. v. Fed. Ins. Co.*, 619 F.2d 1178 (7th Cir. 1980) (indemnity issue not ripe because mere possibility that proceedings might be commenced against insured is not sufficient to create a controversy within Article III); *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969) (suit to determine insurer's obligations to indemnify was premature until insured was determined liable to third party); *Maryland Ins. Co. v. Attorneys' Liab. Assur. Soc., Ltd.*, 748 F. Supp. 627,

629 (N.D. Ill. 1990) ("It is firmly established in this circuit that the duty to indemnify cannot be the subject of federal litigation before the insured's liability has been established by litigation on the merits or settlement").  While the Seventh Circuit has indicated some willingness to deviate from the general rule that decisions about indemnity should be postponed until the underlying liability has been established, *see Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677 (7th Cir. 1992), it does so only in rare circumstances.  This includes when there exists a sufficient probability that the plaintiff would win a judgment that would be covered by the policy; a high amount of damages involved in the underlying claim; an insured's inability to pay that amount if found liable; and no other insurance coverage for the potential liability.  *Id.* at 681-82.

    In this case, the general rule against issuing a declaratory judgment regarding an insurer's duty to indemnify an insured before liability in an underlying lawsuit is resolved applies.  The Plaintiff's duty to indemnify will depend upon the facts and outcome of the underlying Indiana state court action.  The court has no basis on which to evaluate the likelihood of Sheehan's liability in that action, the level of liability likely to be incurred or Sheehan's ability to pay any possible damages.

    Moreover, since "an insurer's duty to defend its insureds against suit is broader than its coverage liability or duty to indemnify," *Wayne Twp. Bd. of Sch. Comm'rs*, 650 N.E.2d 1205,1208 (Ind. App. 1995), it is possible that the Plaintiff could have a duty to defend Sheehan, but have no duty to indemnify.  Therefore, even if this court were to find that the Plaintiff has a duty to defend Sheehan (which may or may not be the case), the issue of any duty to indemnify could not be resolved at this time.  *Employers Ins. of*

*Wausau v. Recticel Foam Corp.*, 716 N.E.2d 1015, 1029 (Ind. Ct. App. 1999) (affirming trial court's determination of a duty to defend, but holding that trial court's determination of issues related to the duty to indemnify was "premature").  Thus, with respect to the Plaintiff's request for a declaratory judgment on its duty to indemnify, the motion to stay must be granted.

## IV.   CONCLUSION

For the reasons stated above, the Motion to Stay or Dismiss (Docket No. 20) is **DENIED** with respect to the Plaintiff's claim for a declaratory judgment on its duty to defend, but **GRANTED** with respect to its claim for a declaratory judgment on its duty to indemnify.  That claim is **STAYED** pending the court's decision on the duty to defend claim, and, if necessary, the Indiana state court action.

ALL OF WHICH IS ENTERED this 12th day of May 2006.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Brent W. Huber
Ice Miller LLP
brent.huber@icemiller.com

Angela Pease Krahulik
Ice Miller LLP
krahulik@icemiller.com

David F. McNamar
McNamar & Associates
dfmcnamar@mcnamarlaw.com

Mark R. Smith
Smith Fisher Maas & Howard
msmith@smithfisher.com