UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> SHEEHAN CONSTRUCTION COMPANY, ) <br> INC. and VINCENT B. ALIG, M.D. and ) <br> MARY JEAN ALIG, Individually, Co- ) <br> Trustees of the MARY JEAN ALIG ) <br> REVOCABLE TRUST, and as ) <br> Representatives of a Class of All Others ) <br> Similarly Situated, ) <br> ) <br> Defendants. ) | 1:05-cv-0617-JDT-TAB |

**ENTRY ON MOTION TO DISMISS PURSUANT TO *YOUNGER* ABSTENTION
DOCTRINE (Docket No. 54)**[1]

Plaintiff Westfield Insurance Company ("Westfield") initiated this action on April 28, 2005, seeking a declaration of its duties and obligations under a commercial general liability policy (the "Policy") it issued to Defendant Sheehan Construction Company, Inc. ("Sheehan"). Westfield seeks a declaration that, under the Policy, it has no duty to defend or indemnify Sheehan with regard to underlying state litigation surrounding Sheehan's alleged defective construction of several homes. Defendants Vincent B. Alig, M.D. and Mary Jean Alig initiated the underlying state litigation and became the duly appointed representatives of a class of homeowners (the "Class") whose homes

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

were constructed by Sheehan. On May 30, 2007, Sheehan and the Class moved to dismiss this case under the *Younger* abstention doctrine, arguing that parallel state proceedings provided the appropriate forum for the resolution of the issues in this case. (Mot. Dismiss Pursuant to *Younger* Abstention Doctrine [hereinafter *Younger* Abstention Motion].) Westfield responded to the dismissal motion on July 18, 2007, and then provided notice of several state court rulings relevant to the motion. The motion is therefore ripe for review, and the court now rules as follows.

**I.    BACKGROUND**

Sheehan served as the general contractor overseeing construction of a home that was purchased by the Aligs in April 2000. (First Am. Compl. ¶¶ 2.2, 2.3.) In early 2004, the Aligs noticed water intrusion problems, particularly surrounding windows on the south elevation of the home. (*Id.* ¶ 2.4.) The Aligs then contacted their homeowners' insurer, who denied coverage for the damages after an engineering investigation determined that the damages were not caused by a "one-time severe weathering event or other specific damage," as required to trigger coverage under their homeowners' policy. (*Id.* ¶¶ 2.4, 2.5.)

On October 1, 2004, Westfield issued its Commercial Package Policy (the "Policy") to Sheehan, with effective coverage dates of October 1, 2004 to October 2, 2005. (*Id.* ¶ 2.9.) Shortly thereafter, on November 17, 2004, the Aligs filed a complaint for damages against Sheehan in the Marion Circuit Court. (*Id.* ¶ 2.11.) Upon receipt of the complaint, Sheehan promptly requested that Westfield, under the terms of the

Policy, defend and indemnify Sheehan in this litigation. (*Id.* ¶ 2.13.) Westfield refused to either defend or indemnify Sheehan and then commenced the present action in this court, seeking a declaration that it has no duty under the Policy to either defend or indemnify Sheehan in the underlying state litigation. (*Id.* ¶¶ 2.14, 4.1, 4.2.)

On January 18, 2005, the Marion Circuit Court issued an order granting the Aligs' request to certify their lawsuit against Sheehan as a class action (the "Class Action Litigation"). (*Id.* ¶ 2.15.) The certified class (the "Class") consisted of a group of homeowners in the Aligs' subdivision whose homes were also built by Sheehan, and the Aligs were appointed class representatives. (Ex. F Supp. First Am. Compl. 1-3.)

On August 4, 2005, Sheehan moved to stay or dismiss the present action pending resolution of the Class Action Litigation. On May 12, 2006, this court granted Sheehan's motion to stay with respect to Westfield's duty to indemnify, but denied Sheehan's motion to stay with respect to Westfield's duty to defend Sheehan in the Class Action Litigation. (Entry Mot. Stay or Dismiss 7.) Regarding the duty to indemnify, the court applied the "general rule against issuing a declaratory judgment regarding an insurer's duty to indemnify an insured before liability in an underlying lawsuit is resolved." (*Id.* 6.) The court reasoned that Sheehan's duty to indemnify would depend upon the outcome of the Class Action Litigation, and that, therefore, the court had "no basis" on which to evaluate Sheehan's likely liability or ability to pay any possible damages. (*Id.*) However, with regard to the duty to defend, the court reasoned that "an actual controversy of sufficient immediacy" existed due to the ongoing Class Action Litigation, and therefore denied the motion to stay. (*Id.* 6, 7.)

3

On September 26, 2006, Westfield filed its First Amended Complaint in order to "take into account the fact that the Lawsuit had been certified as a Class Action, and that the Aligs had been appointed representatives of the Class Members." (Sheehan's Answer First Am. Compl. and Countercls. ¶ 26; First Am. Compl.) On October 16, 2006, Sheehan answered and asserted counterclaims for (1) breach of duty of good faith and fair dealing and (2) breach of contract, seeking declaratory relief, compensatory and other incidental damages, punitive damages, and attorneys' fees, interest, and costs. (Sheehan's Answer to First Am. Compl. and Countercls. ¶¶ 1, 31, 34, 44, 49, 50, 55.) Westfield answered the counterclaims and asserted several affirmative defenses on November 6, 2006. (Westfield's Answer and Affirm. Defenses to Sheehan's Countercls.)

On February 6, 2007, Continental Casualty Company ("Continental"), Sheehan's insurer for the period of September 14, 1999, to September 14, 2004, filed suit (the "Continental DJ Litigation") in Marion Superior Court seeking a declaratory judgment against Sheehan, the Aligs, the Class, and Westfield. (Ex. 1 Supp. Westfield's Resp. to Def.'s Mot. Dismiss 2-4.) Specifically, Continental sought a declaration that: (1) "Continental has no duty . . . to indemnify Sheehan for damages sought or awarded to Plaintiffs" in the Class Action Litigation; (2) "Westfield had a duty . . . to defend Sheehan against" the Class Action Litigation; and (3) Westfield should "reimburse Continental for half the cost to defend Sheehan, past, present and future." (*Id.* 6-7.) In addition, Continental requested that if "this Court determines that Continental is liable to Sheehan for some or all of the damages claimed by the [Class], Continental seeks an

apportionment or allocation of such damages by this Court between Continental, Westfield, and Sheehan in accordance with the terms of the respective policies." (*Id.* 6.)

On May 24, 2007, Sheehan and the Class reached a settlement in the Class Action Litigation, and the Marion Circuit Court entered an agreed judgment in favor of the Class and against Sheehan in the amount of $2,769,782.73. (*Younger* Abstention Motion 1.) As part of that settlement agreement, Sheehan assigned to the Class all of its rights against Continental, Westfield, and other insurers. (Ex. J. Entry Supp. *Younger* Abstention Motion 12.) In the Judgment Entry, the Marion Circuit Court rejected the argument that an insurance expert's opinion was necessary:

> Since the two insurance companies have filed declaratory judgment actions against the Class Members those courts will decide whether there is coverage under the insurance companies' policies or the errors and omission policies of the insurance agents. An insurance expert's opinion here as to whether coverage exists for Sheehan does not have any bearing on whether this Court should approve of this settlement since the only evidence submitted to the Court is that Sheehan cannot pay it. Thus, the Court finds that any opinion would be better served in those declaratory action cases than here . . . . The Court finds that this requested "insurance opinion" should not delay the approval of the settlement agreement because declaratory judgment actions are pending and those courts will make that determination.

(*Id.* 10-12.)

Pursuant to the Class Action Litigation judgment, the Class then initiated proceedings supplemental (the "Proceedings Supplemental") against all insurance companies, including Continental and Westfield, who insured Sheehan or its subcontractors. (Ex. Proceedings Supplemental Supp. *Younger* Abstention Motion 1.) In addition, in the Continental DJ Litigation, the Class and Sheehan filed a motion to

dismiss and consolidate that action with the Proceedings Supplemental. (Ex. Mot. Dismiss, Answer, Countercl., and Third-Party Action Supp. *Younger* Abstention Motion 2.) The Class and Sheehan also filed a counterclaim against Continental seeking to collect the damages awarded in the Class Action Litigation, interest on those damages, attorneys' fees, and other related litigation costs. (*Id.* 4-8.) In the Continental DJ Litigation, the Class and Sheehan also filed a cross-claim against Westfield, alleging breach of contract in bad faith and seeking the damages awarded in the Class Action Litigation, attorneys' fees, and related litigation costs. (*Id.* 9-10.)

Shortly thereafter, on May 30, 2007, the Class and Sheehan (the "Defendants") moved to dismiss this case under the *Younger* abstention doctrine. (*Younger* Abstention Motion 1.) Although the Defendants styled their argument as one of *Younger* abstention, they actually argued for abstention under the *Colorado River* doctrine. *See generally Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (establishing the conditions for abstention involving parallel state proceedings where traditional abstention doctrines do not apply). The Defendants argued that the actions pending in state court, including the Proceedings Supplemental and the Continental DJ Litigation, constituted parallel proceedings involving all relevant parties and claims, and that this court should abstain from deciding Westfield's claims to avoid "piecemeal litigation" that could potentially produce conflicting judgments. (*Younger* Abstention Motion 2-6.)

Subsequent state proceedings eliminated some of the claims relied upon by the Defendants as "parallel" actions in support of their motion to dismiss this case.

Westfield moved to dismiss the Proceedings Supplemental, and on July 26, 2007, the Marion Circuit Court granted this motion from the bench. (Westfield's Notice State Ct. Rulings 2.) On August 28, 2007, the Marion Circuit Court issued an order dismissing, without prejudice, the Proceedings Supplemental against both Continental and Westfield. (Westfield's Second Notice State Ct. Rulings 2.) Westfield also moved to dismiss the Defendants' cross-claim in the Continental DJ Litigation, and on August 17, 2007, the Marion Superior Court issued an order granting this motion (without prejudice). (*Id.*) The court specifically identified the "pending federal declaratory judgment action" as "the proper venue to determine whether Westfield has a duty under its insurance policy to defend/indemnify Sheehan . . . ." (Ex. 1 Supp. Westfield's Notice State Ct. Rulings 2.) The Marion Superior Court then denied Sheehan's and the Class' motion to reconsider this order. (Westfield's Third Notice State Ct. Rulings 2.) The court then also denied Sheehan's and the Class' motion for leave to file an amended cross-claim against Westfield, and expressly reaffirmed its position that the pending federal declaratory judgment action was the proper venue to resolve the issue of Westfield's duty to defend/indemnify Sheehan in the Class Action Litigation. (Westfield's Fourth Notice State Ct. Rulings 2.)

## II.      DISCUSSION

Although Defendants styled their argument as based on *Younger* abstention doctrine, their argument for abstention is actually based on *Colorado River* doctrine. This is reflected in the Defendants' motion, which is titled "Motion to Dismiss Pursuant to *Younger* Abstention Doctrine," but which cites Seventh Circuit case law regarding

*Colorado River* abstention in arguing that this court should abstain from further proceedings and dismiss Westfield's complaint.  (*Younger* Abstention Motion 1, 3.)  Because *Younger* abstention doctrine is inapplicable to the facts of this case, and because the Defendants' actual arguments were more properly based on *Colorado River* doctrine, the Defendants' request for abstention and dismissal will be analyzed under *Colorado River* doctrine.

In general, the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," and ordinarily, there is no bar to contemporaneous, parallel litigation concerning the same matter in both state and federal court.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  However, under exceptional circumstances involving concurrent federal-state proceedings, a federal court may stay or dismiss a suit "as a matter of wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation."  *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 517 (7th Cir. 2001) (quoting *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999)) (internal quotations omitted); *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.* 962 F.2d 698, 700 (7th Cir. 1992).  Nevertheless, because of the "heavy obligation" of the federal courts to exercise jurisdiction, a district court should not seek "to find some substantial reason for the *exercise* of federal jurisdiction," but should instead ask whether "the clearest of justifications" exist "to justify the *surrender* of that jurisdiction."  *AAR Int'l,* 250 F.3d at 517-18 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983)) (internal

quotations omitted).

Under *Colorado River*, a district court should follow a two-step process to determine whether abstention is appropriate. First, the court must determine whether the "concurrent state and federal proceedings are parallel." *Caminiti*, 962 F.2d at 700. If the state and federal actions are not parallel, then *Colorado River* doctrine is inapplicable. *AAR Int'l*, 250 F.3d at 518. However, if the state and federal actions are parallel, then the court should "balance the considerations that weigh in favor of, and against, abstention, bearing in mind the exceptional nature of the measure." *Finova Capital*, 180 F.3d 896, 898. These considerations include:

> (1) the identity of the court that first assumed jurisdiction over the property; (2) the relative inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; (4) the order in which the respective proceedings were filed; (5) whether federal or [state] law provides the rule of decision; (6) whether the [state] action protects the federal plaintiff's rights; (7) the relative progress of the federal and [state] proceedings; and (8) the vexatious or contrived nature of the federal claim.

*Finova Capital*, 180 F.3d at 898 (citing *Colo. River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 23, 26). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Caminiti*, 962 F.2d at 701 (quoting *Colo. River*, 424 U.S. at 818-19).

State and federal actions need not involve identical parties and claims to be considered "parallel." *AAR Int'l*, 250 F.3d at 518. Rather, a state action is "parallel" to a federal action where "substantially the same parties are litigating substantially the same issues simultaneously" in both fora. *Finova Capital*, 180 F.3d at 898 (quoting *Schneider*

*Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)) (internal quotations omitted). Formal symmetry between the two actions is not required, and therefore, "the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *AAR Int'l*, 250 F.3d at 518 (citing *Caminiti*, 962 F.2d at 700-01). Actions are so "substantially similar" as to be considered parallel if "there is a substantial likelihood that the [state] litigation will dispose of all claims presented in the federal case." *Id.* (quoting *Day v. Union Mines, Inc.*, 862 F.2d 652, 656 (7th Cir. 1988)) (internal quotations omitted); *see also Finova Capital*, 180 F.3d at 898 (concluding suits were parallel because "the granting of relief in one forum would dispose of the claims raised in the other"); *Caminiti*, 962 F.2d at 701 (concluding suits were parallel despite slight difference in parties and issues because the granting of relief requested in the state probate court "would dispose of all claims raised in the federal case"); *cf. Schneider*, 903 F.2d at 1156-57 (concluding that suits were parallel where the central issue to be resolved in both suits was identical, leaving "no difference whatever" between the two actions as between the federal litigants). However, if there is "any substantial doubt that the [state] litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," then it would be a "serious abuse of discretion to abstain under *Colorado River*," and therefore, the suits should not be considered parallel. *AAR Int'l*, 250 F.3d at 518, 520 (quoting *Moses H. Cone*, 460 U.S. at 28) (internal quotations omitted). Further, any doubt regarding whether the state and federal actions are parallel "should be resolved in favor of exercising jurisdiction." *AAR Int'l*, 250 F.3d at 520 (citing *Allen v. Board of Educ. Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995)).

Because the Marion Circuit Court dismissed the Proceedings Supplemental against Continental and Westfield, the only remaining state action that could be considered "parallel" to this federal suit is the Continental DJ Litigation. All parties to the present action are also parties to the Continental DJ Litigation. Although Continental is an additional party to that litigation as Plaintiff, the "mere presence of additional parties" is not a sufficient basis to find that the actions are not parallel. *See AAR Int'l*, 250 F.3d at 518. Instead, this case turns on the question of whether the parties are litigating "substantially the same issues," so that there would be no "substantial doubt" that the state litigation would provide "complete and prompt resolution of the issues between the parties." *Id.* at 518 (quoting *Moses H. Cone*, 460 U.S. at 28) (internal quotations omitted). This requires a comparison of the issues being litigated in each action.

In this federal action, Westfield seeks two declarations establishing that it had no duty to defend and no duty to indemnify Sheehan in the Class Action Litigation. Also in this action, Sheehan and the Class have counterclaimed for breach of contract and breach of duty of good faith and fair dealing, seeking declaratory relief, damages (including punitive damages), and attorneys' fees, interest, and costs. This is an exhaustive list of the claims in this federal action.

In the Continental DJ Litigation, there are no claims pending directly between Sheehan/the Class and Westfield. Although Sheehan and the Class attempted to bring a cross-claim against Westfield that would have been substantially similar to their counterclaim in the instant action, the Marion Superior Court dismissed that cross-claim, specifically noting that the pending federal declaratory judgment action (this proceeding)

11

was the proper forum for the determination of Westfield's obligations to Sheehan under the Policy.  Although the absence of any claims directly between the parties to this litigation in the Continental DJ Litigation suggests that the state action is not "parallel," Continental's claims against Westfield, Sheehan, and the Class should also be considered in this analysis.

As previously noted, in the Continental DJ Litigation, Continental seeks declarations that:  (1) Continental has no duty to indemnify Sheehan for damages awarded to plaintiffs in the Class Action Litigation; (2) Westfield had a duty to defend Sheehan against the Class Action Litigation; and (3) Westfield should reimburse Continental for half the cost incurred to defend Sheehan in the Class Action Litigation.  In addition, Continental requested that if the Marion Superior Court finds Continental liable for any portion of the damages claimed by the Class in the Class Action Litigation, the Court apportion those damages among Continental, Westfield, and Sheehan "in accordance with the terms of the respective policies."  (Ex. 1 Supp. Westfield's Resp. to Def.'s Mot. Dismiss 6.)

At least one issue between Westfield and the Defendants in this action will be litigated in the Continental DJ Litigation:  Westfield's duty to defend Sheehan in the Class Action Litigation.  However, this issue will be litigated only between Continental and Westfield, rather than Sheehan/the Class and Westfield, casting doubt on whether "substantially similar" parties are litigating this issue.  Even if this doubt were resolved in favor of finding that the parties were "substantially similar" (which would seem inappropriate given the Seventh Circuit's admonition that "any doubt regarding the

parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction"),[2] there is another issue, as explained below, that would preclude a finding that the Continental DJ Litigation is parallel to the instant action.

It is doubtful whether one of the central issues in this action, Westfield's duty to indemnify Sheehan in the Class Action Litigation, would be addressed or disposed of in the Continental DJ Litigation.  Resolution of this issue is essential in deciding upon both Westfield's request for declaratory relief and the Defendants' counterclaims for breach of contract and breach of duty of good faith and fair dealing.  In the Continental DJ Litigation, the Marion Superior Court would reach the question of Westfield's duty to indemnify only if it first found that Continental had a duty to indemnify Sheehan in the Class Action Litigation.  However, if the court found in Continental's favor on this issue, it would never reach the question of Westfield's duty to indemnify Sheehan in the Class Action Litigation.

In addition, even if the Marion Superior Court reached the issue of Westfield's duty to indemnify Sheehan, that issue would be litigated only between Continental and Westfield, rather than between Westfield and Sheehan/the Class.  The Marion Superior Court has repeatedly denied the Class' attempt to bring a cross-claim against Westfield in that action, precluding disposition in that action of the Class' counterclaims in the present proceedings.  *Colorado River* abstention is appropriate only where there is a "substantial likelihood" that the state litigation "will dispose of *all* claims presented in the

---

[2] *AAR, Int'l*, 250 F.3d at 520 (citing *Allen*, 68 F.3d at 403).

federal case." *AAR Int'l*, 250 F.3d at 518 (citing *Day*, 862 F.2d at 656) (emphasis added).  Because it is doubtful that one of the central issues in this action would be disposed of in the Continental DJ Litigation, it would be a "serious abuse of discretion" for this court to conclude that the actions are parallel and then stay or dismiss this case. *See id.* at 518, 520 (concluding that federal and foreign proceedings were not parallel where it was not "substantially likely" that a critical lease provision interpretation issue would be resolved in the foreign proceedings).

At the time that the Defendants initially sought abstention and dismissal of Westfield's suit, the case for abstention seemed stronger; at that time, the Class could point to both the Proceedings Supplemental against Westfield and its cross-claim against Westfield in the Continental DJ Litigation as potentially parallel actions that might dispose of all the claims presented in this action.  However, because "[t]he purpose of the *Colorado River* doctrine . . . is the conservation of state and federal judicial resources," it is appropriate for this court to look "to facts occurring in state court subsequent to the motion to stay in federal court." *Day*, 862 F.2d at 657.  In this case, even though judicial economy might have been best served by the disposition of all these claims in a single action, subsequent state court proceedings have eliminated the likelihood that any concurrent state action would dispose of all the federal claims. Under these circumstances, this court must exercise its "heavy obligation" to exercise jurisdiction, and to do otherwise would constitute a "serious abuse of discretion." *See AAR Int'l*, 250 F.3d at 518, 520.

**III.     CONCLUSION**

For the reasons stated above, the Motion to Dismiss Pursuant to *Younger* Abstention Doctrine (Docket No. 54) is **DENIED**.

ALL OF WHICH IS ENTERED this 6th day of November 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Tim A. Baker

David F. McNamar
MCNAMAR & ASSOCIATES
dfmcnamar@mcnamarlaw.com

Mark R. Smith
SMITH FISHER MAAS & HOWARD, P.C.
msmith@smithfisher.com